JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISIDRO ESPINOZA-NUNEZ,<br><br>Defendant. | Case No. CR 04-0945-RMT<br>CV 07-5859-RMT<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

This matter has come before the court on a motion by Defendant Isidro Espinoza-Nunez ("Defendant") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant brings this motion arguing that he received ineffective assistance of counsel because his appellate counsel failed to argue that the court: (1) violated Federal Rule of Criminal Procedure Rule 11 ("Rule 11") because the court did not elicit a factual basis from Defendant at the change of plea; and (2) did not comply with 28 U.S.C. § 3553, requiring the court to articulate its reasons for imposing a sentence. Having considered the pleadings and the record on this matter, the court finds as follows:

**Background**

On March 1, 2005, Defendant pleaded guilty to a three-count indictment

1

charging Defendant with: (1) Conspiracy to Distribute more than 50 grams of Actual Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); (2) Possession with Intent to Distribute 1,974.625 grams of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (3) Possession of a semi-automatic assault weapon in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(B)(I).  (See March 1, 2005 Reporter's Transcript of Proceedings).

During the plea colloquy, the Court noted that the factual basis in the plea agreement was lengthy, and asked the government to provide a brief factual basis that covered the three counts to which Defendant was pleading guilty.  Id.  The government stated that "defendant and co-defendant . . . agreed with each other to distribute . . . more than 50 grams of methamphetamine."  Id.  The government further stated that Defendant offered to sell to a confidential source (CS) a pound of methamphetamine in June 2004, and met with the CS on July 6, 2004 with "243.108 grams of actual methamphetamine in his trunk" and a "semi-automatic pistol in his waistband."  Id.  The government also stated that, at his residence on that day, "defendant possessed 2974.625 grams of actual methamphetamine, in addition to other drugs specified in the factual basis of the plea agreement" and "two firearms," including an assault rifle."  Id. at 11-12.  The Court asked Defendant, "do you contest the factual basis stated in the plea agreement and recited by the government attorney?"  Id. at 12-13.  Defendant replied, "no."  Id. at 13.

On June 24, 2005, the court held a sentencing hearing.  (See CR 04-945, Minutes of sentencing, Docket #76).  The government and Pretrial Services recommended a sentence of 288 months, at the low end of the guidelines range.  (June 24, 2005 Reporter's Transcript at 4).  Defendant argued that imposition of the 20-year mandatory minimum sentence constituted cruel and unusual punishment.  Id. at 9.  Defendant further stated that if the court disagreed with his

argument, he should be given the mandatory minimum sentence of 240 months instead of 288 months. Id. at 13. The government responded that the Ninth Circuit had already rejected the argument that the mandatory minimums were cruel and unusual. Id. at 19. The government further argued that the mandatory minimum was not a disproportionate sentence in this case, considering the quantity of drugs possessed by Defendant and the various firearms Defendant possessed. Id. at 20. The government further noted that it had agreed to dismiss an additional § 924(c) count, which had allowed Defendant to avoid a further consecutive 25-year sentence. Id.

The court found that Defendant was "not the kingpin" but had a "substantial amount of the controlled substances" and "an arsenal of very destructive weapons." Id. at 22. The court stated that it had "considered the sentencing factors under section 3553(a)," and sentenced defendant to 288 months imprisonment. Id. at 22-23.

On June 24, 2005, Defendant filed a Notice of Appeal to the Ninth Circuit. (CR 04-945, Notice of appeal, Docket # 79). Appellate counsel subsequently filed an opening brief pursuant to Anders v. California, 386 U.S. 738 (1967), making no argument but highlighting two possible issues for the appellate court to consider: (1) whether the trial court complied with Rule 11, and (2) whether appellant's sentence constituted cruel and unusual punishment. See U.S. v. Espinoza-Nunez, 180 Fed.Appx. 764, 765 (9th Cir. 2006). On May 22, 2006, the Ninth Circuit dismissed the appeal on the merits. Id.

*Discussion*

**I. Ineffective assistance of counsel**

Defendant must meet two requirements to obtain relief for an ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). First, Defendant must prove that defense counsel's representation was deficient, falling below an objective standard

3

of reasonableness. Id. at 690. In order to meet this requirement, Defendant must overcome the strong presumption that defense counsel's conduct fell within "the wide range of professionally competent assistance." Id.

Second, Defendant must show that defense counsel's deficient performance prejudiced the defense. Id. To prove prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### A. Appellate counsel's failure to raise a violation of Rule 11

Defendant argues that appellate counsel's representation was deficient because he should have raised a violation of Rule 11 on appeal when "[a]t the guilty plea, the District Court asked whether Defendant disputed the Government's recitals, but did not establish what admission, if any, Defendant was prepared to make to justify any finding of guilt." (Motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 ("2255 Motion"), at 5).

Rule 11(b)(3) requires that "[b]efore entering a judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). A defendant's agreement with the government's recitation of the factual basis during a plea colloquy satisfies Rule 11(b)(3). See U.S. v. Timbana, 222 F.3d 688 (9th Cir. 2000). In Timbana, the court directed the government to explain the elements of the crime and the evidence that supported the charge during the change of plea. Id. at 697. The court then asked the defendant, "do you agree with what [the prosecutor] has said about what you did?" Id. at 698. The defendant responded, "yes." Id. The Ninth Circuit found that the defendant's admission that he agreed with the government's description of the defendant's conduct clearly demonstrated that there was a factual basis for the guilty plea. Id. at 702.

Here, as in Timbana, Defendant agreed with the government's statement of the facts. At the change of plea hearing, the government summarized the factual basis

stated in the plea agreement Defendant had signed.  (See Reporter's Transcript 11-12). The court then asked Defendant whether he contested "the factual basis stated in the plea agreement and recited by the government attorney?" and Defendant responded, "no."  (Id. at 12-13).  Lastly, the court made a finding "that there is a factual basis for the plea of guilty."  Thus, there was a factual basis for the guilty plea.

For the foregoing reasons, appellate counsel's failure to raise a Rule 11 issue on appeal does not render his representation ineffective because the court did comply with the requirements of Rule 11 in establishing a factual basis.

**B. Appellate counsel's failure to argue that the court did not comply with 18 U.S.C. § 3553**

Defendant also contends that his appellate counsel was ineffective for failing to argue that the court, when imposing its sentence, did not state its reasons for imposing a sentence higher than the statutory mandatory minimum of 20 years.  (2255 Motion at 6).

Section 3553(c) requires that the sentencing court "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).  The court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. U.S., 127 S. Ct. 2456, 2468 (2007).  In imposing a sentence within the Guideline range, the court need not provide a lengthy explanation. Id.

In Rita, the sentencing court merely stated, before imposing a low-end sentence, that it was "unable to find that the [report's recommended] sentencing guideline range . . . is an inappropriate guideline range for that, and under 3553 . . . the public needs to be protected if it is true, and I must accept as true the jury verdict." Rita, 127 S. Ct. at 2462 (alterations in original).  The Supreme Court nevertheless held that such a statement was "brief but legally sufficient" to satisfy the requirements under section 3553. Id. at 2469.

1     Here, the court articulated its reasons in more detail than the statement found to
2 satisfy section 3553 in Rita. During the sentencing hearing, the court summarized the
3 parties' positions thoroughly, demonstrating that the court had considered their
4 arguments. (June 24, 2005 Reporter's Transcript at 4-7). After listening to oral
5 argument, the court made findings regarding Defendant's involvement, including the fact
6 that he was "not the kingpin," but had a "substantial amount of the controlled
7 substances" and "an arsenal of very rare destructive weapons." Id. at 22. The court
8 further stated that it had "considered the sentencing factors under section 3553(a) and,
9 of course, the sentencing guidelines" before sentencing Defendant to 288 months
10 imprisonment, at the low end of the Guideline range. Id. at 22-23. Thus, the
11 requirements of section 3553 were satisfied, and Defendant's appellate counsel's
12 representation was not deficient in failing to argue otherwise on appeal.
13 ***Conclusion***
14     Because appellate counsel's representation was not deficient, Defendant has not
15 established that appellate counsel's assistance was ineffective.[1]
16     For the foregoing reasons, Defendant's section 2255 motion should be denied.
17 \\\
18 \\\
19 \\\
20 \\\
21 \\\
22 \\\

---

28     [1] Because the court finds that appellate counsel was not deficient under the first prong of the Strickland test, appellate counsel's performance does not need to be evaluated for prejudice.

Accordingly,

IT IS ORDERED that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

Dated: July 22, 2008

_____
ROBERT M. TAKASUGI
United States District Sr. Judge